IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEAN C. BOYD,                                                                                                    PLAINTIFF

V.                                                                                   CIVIL ACTION NO. 3:20-CV-420-TSL-RPM

MENARVIA NIXON GADDIS, ET AL.,                                                         DEFENDANTS

**REPORT AND RECOMMENDATION**

### I.     Introduction

On June 16, 2020, plaintiff Dean C. Boyd ("Boyd"), proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 ("Section 1983") prisoner civil rights complaint alleging that defendants Menarvia Nixon Gaddis, MD ("Dr. Gaddis") and William Brazier, MD ("Dr. Brazier") violated his constitutional rights. Doc. [1]. He also asserts a medical malpractice claim against Dr. Gaddis. *Ibid.* On October 5, 2020, Dr. Gaddis filed the present motion to dismiss claiming that Boyd did not comply with the requirements of Miss. Code Ann. § 15–1–36(15) before filing his medical malpractice action. *See* Doc. [24]. She also argues that Boyd has not advanced a deliberate indifference claim against her. *Ibid.* Boyd filed a response in opposition to this motion. Doc. [40].

### II.    Facts

On June 18, 2018, Boyd fell victim to a "brutal assault" by another inmate, Doc. [11], at 1, who hit him "in the neck" with a fan motor, Doc. [35], (T. 11). Dr. Brazier was responsible for overseeing his treatment after the assault, though he did not personally treat Boyd. *Id.*, (T. 24–26, 30). Instead, nurse practitioners working under Dr. Brazier's supervision treated Boyd; Dr. Brazier observed him receiving treatment on one occasion. *Ibid.* Notwithstanding this treatment, Boyd's condition continued to deteriorate as he began to experience tingling and numbness in his right arm. *Id.*, (T. 26–27). During this time, Boyd alleges, Dr. Brazier would deliberately ignore Boyd's

1

repeated attempts to speak with him in person and purportedly "ripped up" his sick call cards because he sent in so many. *Id.*, (T. 27–28).

Nevertheless, Boyd's condition was considered sufficiently serious such that a magnetic resonance imaging scan ("MRI") was performed. *Id.*, (T. 26–27). After the MRI was performed, Boyd was referred to Dr. Gaddis, a neurosurgeon, for surgery, which was performed on September 11, 2019. Doc. [35], (T. 10, 12). While the surgery initially appeared to be successful, Boyd's health rapidly deteriorated within three weeks of the surgery; he lost feeling below his neck and his blood pressure dropped "dangerously low." *Id.*, (T. 10). A subsequent MRI revealed a "deformity" in Boyd's neck, which required a spinal fusion. *Ibid.* On February 10, 2020, Dr. Gaddis performed a second, ultimately unsuccessful, surgery that also left Boyd with an unexplained laceration on his head. *Id.*, at 10, 22. This action followed.

### III. Standard of Review

In evaluating a motion to dismiss filed under Rule 12(b)(6), "the court 'must accept all well-pleaded facts as true, and [] view them in the light most favorable to the plaintiff.'" *Covington v. City of Madisonville, Texas*, 812 F. App'x 219, 223–24 (5th Cir. 2020) (quoting *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)). "When reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007)).

Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. at* 678 (quotation omitted). "Threadbare recitals of the elements of a cause of action, [however,] supported by mere conclusory statements, do not suffice[]" as factual allegations and are viewed instead as legal conclusions couched as factual allegations. *Id.* (citations omitted).

## IV. Analysis

**A. Did Boyd Comply with the Presuit Requirements of Miss. Code Ann. § 15–1–36(15)?**

Mississippi law applies in the present case. Since Miss. Code Ann. § 15–1–36(15) is "substantive," not procedural, Mississippi law, the Court turns to that statute now. *Redmond v. Astrazeneca Pharms. LP*, 492 F. Supp. 2d 575, 577 (S.D. Miss. 2007). In relevant part, the statute states:

> (15) No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others. This subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name.

[Miss. Code Ann. § 15–1–36(15).]

Miss. Code Ann. § 15–1–36(15) demands "strict compliance," *Spann v. Wood*, 269 So.3d 10, 12 (Miss. 2018), for represented and *pro se* litigants, *see, e.g.*, *Harris v. Barnett*, No. 3:19–CV–583–CWR–FKB, 2021 WL 2307322, at *1–*2 (S.D. Miss. May 13, 2021) (dismissing *pro se* plaintiff's

3

medical malpractice claim without prejudice for failure to comply with Miss. Code Ann. § 15–1–36(15)), *report and recommendation adopted*, No. 3:19–CV–583–CWR–FKB, 2021 WL 2301929 (S.D. Miss. June 4, 2021). *See also Hinton v. Moore*, No. 5:16–CV–33–DCB–MTP, 2017 WL 570718, at *2 (S.D. Miss. Feb. 13, 2017) (same). Noncompliance with the statute "mandates dismissal without prejudice[,]" a subsequent proper filing of a presuit notice of intent, and, finally, refiling of the complaint. *Fowler v. White*, 85 So.3d 287, 291 (Miss. 2012) (citing *Williams v. Skelton*, 6 So.3d 428, 430 (Miss. 2009)). Nevertheless, "'a properly served complaint—albeit a complaint that is wanting of proper pre-suit notice—should still serve to toll the statute of limitations until there is a ruling from the trial court.'" *Tallahatchie Gen. Hosp. v. Howe*, 154 So.3d 29, 32 (Miss. 2015) (quoting *Price v. Clark*, 21 So.3d 509, 522 (Miss. 2009)). *See also Fells v. City of Gulfport, Mississippi*, No. 1:17–CV–202–LG–RHW, 2018 WL 1571909, at *2 (S.D. Miss. Mar. 30, 2018).

Here, Boyd filed his Complaint on June 16, 2020. Doc. [1], Ex. 4. However, he did not mail a notice of intent letter to Dr. Gaddis until September 25, 2020. Doc. [26]. He did not "strictly" comply with the requirements of Miss. Code Ann. § 15–1–36(15), which requires a notice of intent to be sent *before* filing suit, so dismissal of his state-law medical malpractice claim without prejudice is required, *Fowler*, 85 So.3d at 291.

### B. Has Boyd Asserted a Deliberate Indifference Claim Against Dr. Gaddis?

In her motion to dismiss, which was filed before Boyd's *Spears* hearing, Dr. Gaddis argues that Boyd is only bringing a state-law medical malpractice claim against her. Doc. [25], at 1. Thus, the Court must construe Boyd's Complaint to determine whether he raised a deliberate indifference claim in addition to a medical malpractice claim.

Boyd is proceeding *pro se* so his pleadings must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). It is well-established "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quotation omitted). Finally, a *pro se* litigant's Spears hearing acts as a supplement to his complaint. *Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991) (noting that *Spears* hearing testimony is "in the nature of a [Fed. R. Civ. P. 12(e)] motion for more definite statement.") (quotation omitted).

Here, at Boyd's *Spears* hearing, the Court asked him whether he was asserting a deliberate indifference claim against Dr. Gaddis. Doc. [35], (T. 9–10). Boyd unambiguously testified that he was suing Dr. Gaddis for, *inter alia*, deliberate indifference. *Ibid.* Since Boyd's *Spears* hearing acts as a supplement to his Complaint, *Wilson*, 926 F.2d at 482, the Court concludes that Boyd is asserting a deliberate indifference claim against Dr. Gaddis, Doc. [35], (T. 9–10).

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Dr. Gaddis' motion to dismiss is granted in part and denied in part. In particular, the motion should be granted insofar as Boyd's medical malpractice claim is concerned and that claim dismissed without prejudice. However, it should be denied insofar as Boyd's deliberate indifference claim against Dr. Gaddis is concerned.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court

need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

    **SO ORDERED AND ADJUDGED**, this the 13th day of August 2021.

                                               /s/ *Robert P. Myers, Jr.*
                                               ROBERT P. MYERS, JR.
                                               UNITED STATES MAGISTRATE JUDGE