```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  NORTHERN DIVISION
```

DEAN C. BOYD                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 3:20CV420TSL-RPM

MENARVIA NIXON GADDIS, ET AL.,                            DEFENDANT

## ORDER

This cause is before the court on the report and recommendation of Magistrate Judge Robert P. Myers entered on August 13, 2021 (Dkt. No. 41), recommending that the motion of defendant Menariva Nixon Gaddis to dismiss be granted in part and denied in part. Specifically, the magistrate judge recommended that the motion be granted as to plaintiff's state law medical malpractice claim based on plaintiff's failure to serve the required presuit notice and that the motion be denied as to plaintiff's claim under 42 U.S.C. § 1983 for alleged violation of his rights under the Eighth Amendment. Plaintiff has filed an objection.[1] Having reviewed the report and recommendation and plaintiff's objection, the court concludes that the objection

---

[1] Plaintiff has filed two identical objections to this report and recommendation (Dkt. Nos. 43 and 44). Gaddis has not objected to the magistrate judge's recommendation that her motion to dismiss be denied as to plaintiff's § 1983 claim.

1

should be overruled and that the magistrate judge's report and recommendation should be adopted as the opinion of the court.

Plaintiff filed this lawsuit on June 16, 2020 against defendant Gaddis and others.[2]  Among other claims, plaintiff alleges that he suffered injuries as a result of "constitutional malpractice" committed by Gaddis, a neurosurgeon, during two spinal surgeries that she performed on him.  As the magistrate judge recognized, Mississippi law requires that before a plaintiff may bring an action for medical malpractice, he must provide the defendant at least sixty days' prior written notice of his intention to file suit.  See Miss. Code Ann. § 15-1-36(15) (stating that "[n]o action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action.").  Gaddis moved to dismiss, arguing that the complaint, at most, asserts a state law

---

2   While the complaint was received and docketed by the clerk of the court on June 25, 2020, a "mailbox rule" applies to pleadings submitted by prisoners acting pro se, pursuant to which the date that prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  Plaintiff signed the complaint on June 16, 2020, and the envelope in which it was received by the court bears MDOC's legal mail stamp and a postmark of "June 16, 2020."

2

malpractice claim, and that since plaintiff failed to provide the required presuit notice, dismissal was required.  Plaintiff, who had previously filed documents purporting to show that he had twice mailed notice of the lawsuit to Gaddis, first on September 10, 2020, and again on September 25, 2020. (Dkt. Nos. 19 and 26), did not respond to Gaddis' motion to dismiss.  However, in his objection to the magistrate judge's report and recommendation, he asserts, for the first time, that he actually mailed presuit notice to Gaddis on April 27, 2020 and only resent the notice on September 25, 2020, because he was uncertain of Gaddis' address.  He has offered in support of this position what purports to be a copy of the notice he allegedly sent to Gaddis before he filed suit.  The court declines to consider this document, however, both because it is unauthenticated and because it was, in any event, not timely submitted.[3]  But even were the court to consider the

---

[3]    There is cause to question the veracity of the document. Plaintiff, of his own volition, before Gaddis filed her motion, placed in the record other documents which he apparently believed demonstrated compliance with the requirement of notice.  Further, despite having the opportunity to do so, he failed to respond to Gaddis' motion, which placed the issue of notice squarely before the court.  And, curiously, the document plaintiff has now produced is ambiguous as to when it was purportedly signed and/or sent.  It is dated in four places, one of which is April 27 of this year, i.e, nearly a year after he filed suit.  Plaintiff has otherwise offered no competent evidence (for example, prison mail logs) that might tend to substantiate his present assertion that he gave the necessary presuit notice.

document, dismissal of the state law malpractice claim would still be required, because an April 27, 2020 notice would only have provided Gaddis 51 days' advance notice of plaintiff's intention to file suit, not "at least 60 days'" notice, as required by the statute.  See Spann v. Wood, 269 So. 3d 10, 12 (Miss. 2018) ("The Court has held unwaveringly that strict compliance with Section 15-1-36(15) is required, and the failure to satisfy the requirements mandates dismissal without prejudice."); Est. of Davis v. Blaylock, 212 So. 3d 755, 761 (Miss. 2017) (plaintiff required to wait at least sixty days after presuit notice sent before filing malpractice lawsuit).  For these reasons, plaintiff's objection will be overruled.

Accordingly, it is ordered that plaintiff's objection is overruled and that the report and recommendation of United States Magistrate Judge Robert P. Myers entered on August 13, 2021, be, and the same is hereby, adopted as the finding of this court.  It follows that the defendant Gaddis' motion to dismiss is granted in part and denied in part.

SO ORDERED this 3rd day of September, 2021.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE#