UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEAN C. BOYD                                                                                              PLAINTIFF

VERSUS                                                                    CIVIL ACTION NO. 3:20-CV-420-TSL-RPM

MENARVIA NIXON GADDIS AND
WILLIAM BRAZIER                                                                                         DEFENDANTS

## REPORT AND RECOMMENDATIONS

Before the Court, are motions for summary judgment filed by Defendants William Brazier, MD ("Dr. Brazier") and Menarvia Nixon Gaddis, MD ("Dr. Gaddis"). Doc. [61, 71]. On June 16, 2020, Plaintiff Dean C. Boyd ("Boyd"), proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging defendants were deliberately indifferent to his medical needs. Doc. [1]. Boyd is currently incarcerated at the Mississippi State Penitentiary for a statutory rape conviction. Doc. [35], at 9. The Court held a *Spears* hearing on December 10, 2021. Doc. [35]. Boyd's medical malpractice claim against Dr. Gaddis was previously dismissed by the Court without prejudice. Doc [48]. Boyd's remaining deliberate indifference claims against Dr. Brazier and Dr. Gaddis are the subject of both motions for summary judgment. Boyd filed a response to Dr. Brazier's summary judgment motion but failed to respond to Dr. Gaddis' motion. Doc. [67, 68].

I. APPLICABLE LAW

a. Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

materials" show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). "All facts and inferences must be viewed in the light most favorable to the non-movant." *Koerner v. CMR Constr. & Roofing, LLC*, 910 F.3d 221, 227 (5th Cir. 2018) (citing *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770 (5th Cir. 2000)). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

    b.  Deliberate Indifference Standard

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Tex. Dep't of Criminal Justice,* 91 F. App'x. 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Tex. Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001)). A plaintiff must prove: "(1) the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) he must also draw the inference." *Williams v. Hampton*, 797 F.3d 276, 281 (5th Cir. 2015) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, (1994)). A plaintiff must provide evidence demonstrating that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino,* 239 F.3d at 756.

"Mere disagreement with medical judgments or treatment" is insufficient to meet the deliberate

indifference standard. *Davis v. Lumpkin*, 35 F.4th 958, 963 (5th Cir. 2022) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). "Unsuccessful medical treatment, acts of negligence, or medical malpractice" is also insufficient. *Davis*, 35 F.4th at 963 (citing *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)). "Where the plaintiff alleges a delay in medical treatment, that delay must have resulted in substantial harm for the prisoner to recover." *Davis*, 35 F.4th at 963.

II. DISCUSSION

a. Claims against Dr. Brazier

Boyd alleges Dr. Brazier avoided him and denied him treatment for over a year. Doc. [1]. According to Boyd, on June 18, 2018, he suffered severe injuries when another inmate attacked him with a fan motor. From that date until around August 2019, Boyd alleges Dr. Brazier was deliberately indifferent to his injuries. Doc. [35] at 12. In his complaint, Boyd writes: "For one (1) year Plaintiff filled out medical request forms from June 18, 2018, until August 2019 for his serious medical needs and did not receive any medical assistance from Doctor William Brazier and staff. Resulting in Plaintiff becoming bed ridden." Doc. [1], at 5. At the *Spears* hearing, Boyd alleged that he: "began to fill out medical service request forms, sick calls to Dr. Brazier. And I continued to fill out sick calls to him, and you know, I was never getting anywhere with that." Doc. [35], at 12. In his complaint, Boyd alleged that Dr. Brazier instructed nurses to tear up Boyd's sick calls. Doc. [35], at 27. When asked by the Court at the *Spears* hearing if he had any evidence to support that allegation, Boyd responded, "No, sir, I don't have [sic] evidence . . . I would just like for him to just say 'No, that's not true'" *Id*. at 27–28. Boyd also explained that he could not name any of the nurses that were allegedly informed to destroy his sick calls. *Id*. At the hearing, Boyd asserted that Dr. Brazier "continued to delay" medical treatment and failed to take any action concerning

3

Boyd's injuries. Doc. [35], at 24–25. "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

The record is replete with evidence that Boyd received extensive treatment for the time in question. As summary judgment evidence, Dr. Brazier provided Boyd's pertinent medical records with corresponding citations. Doc. [66]. The record unequivocally indicates that Boyd received medical treatment consisting of diagnostics, pain medications, x-rays, MRIs, and surgeries. Boyd also received robust evaluations by registered nurses, nurse practitioners, physician assistants, physicians, offsite specialists, physical therapists, and surgeons. Doc. [66-1], at 6, 29, 32, 48, 62, 65. Doc. [66-2], at 31, 32. Doc. [66-4], at 62–64. Dr. Brazier personally provided treatment on numerous occasions. Most importantly, Dr. Brazier's staff provided extensive care throughout the period. In July 2018, the evidence indicates that Dr. Brazier examined Boyd and subsequently entered several orders for prescriptions. Doc. [66-1], at 15. The next month, Dr. Brazier examined Boyd again. At that time, he reviewed Boyd's lab results with him, ordered an x-ray, and requested a wheelchair. Doc. [66-1], at 19–22. It is clear from the record that Boyd received ample and continuous treatment from prison officials, including Dr. Brazier, throughout the time frame alleged by Boyd.

In his response to the motion for summary judgment, Boyd continues to assert that Dr. Brazier avoided him for months and ignored his sick calls. Doc. [67], at 4. However, he acknowledges that Dr. Brazier ordered him an x-ray. *Id.*, at 3. He also notes that he received care by a nurse practitioner, a dentist, a different physician, and an ophthalmologist. Doc. [67]. He provides no summary judgment evidence of his own, rather, he merely asserts that the record does not indicate that he received adequate medical care. He alleges that his medical records reveal, "if anything

4

that plaintiff while under Dr. Brazier's care, he was held back, deprived of receiving care . . ." Doc. [67], at 5.

The undersigned finds that Dr. Brazier is entitled to summary judgment. Boyd fails to provide any evidence showing that Dr. Brazier "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince wanton disregard for any serious medical needs." *Domino,* 239 F.3d at 756. He only provides unsubstantiated assertions. In contrast, Dr. Brazier has provided summary judgment evidence showing Boyd received comprehensive care spanning the entire period in question. Boyd does not identify, and there is no evidence indicating, that Dr. Brazier took any actions that consciously disregarded the risk of harm to Boyd. *Farmer*, 511 U.S. at 839–40 (1994). In fact, the evidence demonstrates the opposite. Further, the size of the record is an indication of how often Boyd was treated by Dr. Brazier and his staff. There are over 1,000 pages of medical records indicating regular treatment. Doc. [66].

In essence, Boyd takes issue with how often Dr. Brazier personally treated him and what treatments were administered. However, a prisoner's mere disagreement with the treatment received is not enough to state a claim for deliberate indifference. *Humphrey v. Hall*, 2020 WL 6792686, at *4 (S.D. Miss. May 11, 2020) (citing *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997)). Boyd cannot establish the requisite deliberate indifference essential to a constitutional claim for inadequate medical care; therefore, his claims against Dr. Brazier should be dismissed.

    b. Claims against Dr. Gaddis

At the *Spear*s hearing, Boyd confirmed that he was asserting a deliberate indifference claim against Dr. Gaddis for her treatment of Boyd's medical conditions. Doc. [35], at 9. Dr. Gaddis

performed two surgeries on Boyd. The Court, at the *Spears* hearing, asked Boyd, "Do you have any reason to believe as we sit here today that she [Dr. Gaddis] did anything to intentionally harm you?" Doc. [35], at 17. Boyd responded, "I wouldn't say that she intentionally done it, but it is evidence that something went terribly wrong." *Id*. Dr. Gaddis moves for summary judgment on the basis that Boyd cannot establish deliberate indifference. Doc. [72]. As support, she refers to the above testimony to indicate the absence of any issue of material fact. Dr. Gaddis also highlights Boyd's testimony acknowledging it was his choice to discontinue seeking treatment from her. At the *Spears* hearing, Boyd testified that after the second surgery proved unsuccessful, "it brought me to such a low until I just discontinued the care under her. I didn't want to continue my care under her." Doc. [35]. Boyd did not file a response to Dr. Gaddis' motion for summary judgment.

Boyd makes no allegation that Dr. Gaddis denied or delayed medical care. It is undisputed that Dr. Gaddis performed two surgeries on Boyd; one on September 11, 2019, and the second on February 10, 2020. Doc. [35]. From around September 2019 until February 2020, the record provides no showing of deliberate indifference. Boyd makes no argument to the contrary. His complaint and *Spears* testimony mostly center on medical malpractice claims, which were previously dismissed without prejudice by the Court. Boyd sought treatment from Dr. Gaddis; and he acknowledges that she did not intentionally treat him incorrectly. There is no other allegation or evidence suggesting that Dr. Gaddis engaged in "similar conduct evincing a wanton disregard for any serious medical needs." *Domino,* 239 F.3d at 756. Moreover, the record indicates that Dr. Gaddis was not deliberately indifferent to Boyd's serious medical needs. *Banuelos*, 41 F.3d at 235. After the second surgery in February 2020, Boyd voluntarily discontinued receiving treatment from Dr. Gaddis. So, there can be no viable claim of deliberate indifference following February 2020.

**RECOMMENDATION**

The undersigned recommends that Defendants Dr. Brazier and Dr. Gaddis' motions for summary judgment be granted. The undersigned therefore recommends that Boyd be assessed a strike pursuant to 28 U.S.C. § 1915(g). Boyd fails to provide any specific detail regarding his denial of medical care claim. He simply makes conclusory statements in his complaint, *Spears* testimony, and motion responses without sufficient supporting factual allegations. He makes numerous fabrications that are clearly contradicted by the record. *See Williams v. Perry*, 2016 WL 6304748, at *3 (S.D. Miss. Oct. 27, 2016); *Causey v. Allison*, 2008 WL 4191746, at *3 (S.D. Miss. Sept. 9, 2008). Boyd should be cautioned that if he acquires three or more strikes, he shall be barred from proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed

factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 9th day of November 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE
